# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

JEFFREY D. LEISER

    Plaintiff,

v.

KAREN KLOTH, et al.,

    Defendants.

ORDER

Case No. 15-cv-768-slc

*Pro se* plaintiff Jeffrey D. Leiser is proceeding to trial in this lawsuit on Eighth Amendment claims against defendants Karen Kloth, Paula Stoudt, and Reed Richardson, related to Kloth's alleged harassment and Stoudt and Richardson's failure to protect him from harassment. I previously denied defendants' motion for summary judgment, concluding that, while Leiser's claim was tenuous, a reasonable fact-finder conceivably could conclude that defendants violated Leiser's Eighth Amendment rights because Leiser's version of events allows the inference that Kloth purposefully triggered Leiser's PTSD and that Stoudt and Richardson knew this but did not stop her. (Opinion & Order, dkt. 52, at 11-13.) I further concluded that the defendants were not entitled to qualified immunity because inmates have a clearly established right to be free from intentional infliction of psychological harm. (*Id.* at 15.) Defendants have filed a notice of an interlocutory appeal (dkt. 61), and a timely motion to stay pending their appeal (dkt. 64). For the reasons that briefly follow, I am granting the motion to stay.

## OPINION

An interlocutory appeal of a decision denying qualified immunity usually stays proceedings in the district court. *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989). This is because an officer entitled to qualified immunity should be shielded not only from ultimate liability but from the hardships of the litigation itself. However, if a defendant's qualified immunity claim is without

even arguable merit, or is otherwise a manipulation of the process, the district court may certify the appeal as frivolous and proceed to trial. *Id.* at 1339. Defendants' appeal here is not frivolous.

Defendants contend that I erred in my Eighth Amendment analysis because I conflated the objective and subjective components of the "cruel and unusual punishment" analysis. I don't think so, but Leiser's claim against Kloth presents a close call, as I acknowledged in my summary judgment order. Moreover, defendants do not dispute any of the facts related to the question of qualified immunity, and instead appear to be seeking an appeal of the qualified immunity decision based on Leiser's version of events. *See Johnson v. Jones*, 515 U.S. 304, 319-20 (1995) ("[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial"). Accordingly, I am granting defendants' motion to stay and striking the rest of the schedule.

ORDER

IT IS ORDERED that Defendants' Motion to Stay Pending Appeal (dkt. 64) is GRANTED. All remaining dates and deadlines, including the trial date, are STRICKEN, to be reset if necessary following resolution of defendants' appeal.

Entered this 22nd day of November, 2017.

BY THE COURT:
/s/
STEPHEN L. CROCKER
Magistrate Judge